## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

ROGER D. MOSBY,
ADC #63018                                                          PLAINTIFF

V.                          5:11CV00301 SWW/JTR

WENDY KELLEY, Deputy Director,
Arkansas Department of Correction                    DEFENDANT

## ORDER

### I.  Introduction

Plaintiff, Roger D. Mosby, has commenced this § 1983 action alleging that Defendant is failing to provide him with adequate medical car for chest pains and shortness of breath.  *See* docket entry #2.  On December 19, 2011, Defendant filed a Motion arguing that Plaintiff's *in forma pauperis* status should be revoked because he is not – in fact – currently in imminent danger of serious physical injury.  *See* docket entry #7.

On January 23, 2012, the Court granted Plaintiff's Motion for copies of his relevant medical records.  *See* docket entry #28.  In that Order, the Court gave: (1) Defendant until February 1, 2012 to provide Plaintiff with his medical records; and (2) Plaintiff until February 15, 2012, to review those records and file his Response to the Motion to Revoke.  *Id.*  Plaintiff recently has filed several nondispositive Motions,

which the Court will address separately.

## II.  Plaintiff's Motion for a Medical Examination
## and his Motion to Stay the Case

Plaintiff has filed a Motion asking that the Court to order a private physician to conduct a "whole body" examination so that it may be determined whether he is currently in imminent danger of serious physical injury.  *See* docket entry #24. Additionally, he has filed a Motion asking the Court to stay this case until such a medical exam can be completed.  *See* docket entry #25.

The *in forma pauperis* statute does not authorize the payment of  Plaintiff's discovery costs or witness fees by Defendants or the Court.  *See* 28 U.S.C. § 1915(d) and (f); *U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1057 (8th Cir. 1984); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980).  Additionally, a private medical examination is not necessary because the Court will determine whether Plaintiff in currently in imminent danger of serious physical injury by reviewing his prison medical records and any relevant affidavits.  Accordingly, the Motion for a Medical Exam and the Motion to Stay are denied.

## III.  Plaintiff's Motions for an Extension of Time

Plaintiff has filed two Motions seeking an extension of time, until January 28, 2012, to file his Response to Defendant's Motion to Revoke his *In Forma Pauperis* status.  *See* docket entries #26 and #27.   As previously discussed, the Court has

already given Plaintiff an extension, until February 15, 2012, to file his Response.

Thus, his Motions for an Extension of Time are denied, as moot.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1.    Plaintiff's Motion for a Medical Examination (docket entry #24) is

DENIED.

3.    Plaintiff's Motion to Stay the Case (docket entry #25) is DENIED.

4.    Plaintiff's Motions for an Extension of Time (docket entries #26 and #27)

are DENIED, AS MOOT.

Dated this 26th day of January, 2012.

_____
UNITED STATES MAGISTRATE JUDGE